UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-20104-CR-KING

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAN MELINDO,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY

**THIS MATTER** is before the Court upon Defendant Dan Melindo's Motion for Return of Property (DE #21), filed April 8, 2011. The Court is fully briefed on the matter.[1]

Defendant Melindo has pled guilty to a 26-count indictment in which he was charged with intending to defraud the United States Postal Service by presenting money orders that contained material alterations, in violation of 18 U.S.C. § 500. (DE #7, DE #18). He also agreed to make restitution, and the Government has made a loss amount of $20,800. At the time of his arrest, $1,891.00 was seized from Defendant Melindo. The Postal Service has now initiated civil forfeiture proceedings against the money. Upon advisement that the United States's Attorney's Office will not agree that the $1,891.00 seized from him should be applied toward any future order of restitution, Defendant moved for return of the seized

---

[1] The United States filed a Response to Motion for Return of Property (DE #22) April 25, 2011, to which Defendant Melindo replied (DE #23) May 2, 2011.

money pursuant to Federal Rule of Criminal Procedure 41(g).[2] (DE #21). Defendant maintains that he seeks return of the funds from the Postal Service solely because he wishes to then give it back to the Postal Service as part of the restitution he anticipates he will be ordered to pay. It is not disputed that the money will not be used against Defendant in the instant criminal proceedings before this Court.

Although Rule 41(g) governs return of property seized from criminal defendants, it is not applicable to the seizure at issue here. The Federal Rules of Criminal Procedure expressly state that they are not applicable to civil forfeiture actions. Fed. R. Crim. P. 1(a)(5)(c) ("Proceedings not governed by these rules include . . . a civil property forfeiture for violating a federal statute."); *see also United States v. Watkins*, 120 F.3d 254, 255 (11th Cir. 1997) ("When property is retained pursuant to civil forfeiture, instead of for use as evidence, a Rule 41[g] motion is not available."). Federal district courts thus lack jurisdiction over motions for return of property that is the subject of a civil or administrative forfeiture action by an agency of the United States. *Watkins*, 120 F. 3d at 255 (holding district court lacked jurisdiction over money administratively forfeited by the Drug

---

[2]Rule 41(g) provides in full:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Enforcement Agency from a criminal defendant). Rather, "it is well-settled that the proper method for recovery of property which has been subject to civil forfeiture is not the filing of a [41(g)] motion, but filing a claim in the civil forfeiture action." *United States v. Castro*, 883 F.2d 1018, 1020 (11th Cir. 1989). Defendant Melindo has already taken the proper action. He received a Notice of Forfeiture from the United States Postal Inspection Service, informing him of the property seized and the procedure for filing a Petition for Remission or Mitigation. (DE #22-1). On April 12, 2011, Defendant petitioned the Postal Inspection Service for remission. *Id.*

Although federal courts may exercise equitable jurisdiction over agency forfeiture decisions in certain circumstances, those circumstances are absent here. The decision to exercise equitable jurisdiction is "highly discretionary and must be exercised with caution and restraint." *In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1544 (11th Cir. 1990). Because Defendant Melindo has an "adequate remedy at law," i.e., the proceedings before the United States Postal Inspection Service, the exercise of equitable discretion would be inappropriate. *Id.* at 1545 (finding equitable jurisdiction inappropriate where defendant had adequate remedy at law, but declined to pursue it); *United States v. Eubanks*, 169 F.3d 672, 674 (11th Cir. 1999) (same). Furthermore, the justification underlying equitable jurisdiction over civil forfeiture proceedings is that the courts have "well established supervisory authority over officers of the court," and may therefore "order the return of unlawfully seized property." *Id.* at 1544;

*Castro*, 883 F.2d at 1020 ("This independent anomolous jurisdiction extends to federal law enforcement officers who have failed to observe standards for law enforcement established by federal rules governing searches and seizures."). There are no allegations here that the property seized from Defendant Melindo was seized unlawfully. Accordingly, "Defendant has simply chosen the wrong remedy in the wrong court." *Castro*, 883 F.2d at 1018 (finding purpose of equitable jurisdiction would not be furthered where seized property was not being used as evidence against defendant in criminal proceeding).

Accordingly, upon careful review and the Court being otherwise fully advised in the premises, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Return of Property **(DE #21)** is **DENIED.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 16th day of May, 2011.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

*Counsel for the United States*

**Elisa Castrolugo**
U.S. Department of Justice
Criminal Division
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9033
Fax: (305) 530-7976
Email: Elisa.Castrolugo@usdoj.gov

***Counsel for Defendants***

**Noticing FPD-MIA**
Email: MIA_ECF@FD.org

**Stewart Glenn Abrams**
Federal Public Defender's Office
150 W Flagler Street
Miami, FL 33130-1556
305-536-6900
Fax: 530-7120
Email: Stewart_Abrams@fd.org