UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20104-CR-KING

**UNITED STATES OF AMERICA**

vs.

**DAN MELINDO, Jr.,**

    **Defendant.**

_____/

## UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to Defendant Dan Melindo, Jr.'s Objections to the Presentence Investigation Report. The United States opposes the defendant's request to offset the amount of restitution in this case with the monies forfeited by the United States Postal Inspection Service.

### BACKGROUND

On January 27, 2011, Defendant Dan Melindo, Jr. was charged by Criminal Complaint with a violation of Title 18, United States Code, Section 500 after attempting to purchase U.S. Postal Service money orders for the purpose of altering them and cashing them for a different amount. The defendant had been arrested the previous day at a Miami Beach, Florida post office based on prior fraudulent transactions at a check cashing store. At the time of his arrest, the defendant had $1,891.00 in his possession. The money was seized and forfeited by the United States Postal Inspection Service ("USPIS"), the lead investigative agency.

On February 8, 2011, a federal grand jury in the Southern District of Florida returned a 26-count Indictment, charging Defendant Melindo with presenting and cashing 26 altered money orders at a Miami check cashing store between December 16, 2010 and January 5, 2011, in violation of Title 18, United States Code, Section 500.  On April 7, 2011, the defendant, pursuant to an oral agreement, pleaded guilty to Count 1 of the Indictment before U.S. Magistrate Judge Barry Garber, who has recommended the plea be accepted by this Court.

A Presentence Investigation Report ("PSR") has been prepared by the U.S. Probation Office. The PSR correctly calculates the Total Offense Level at 10 under U.S. Sentencing Guideline ("USSG") 2B1.1, the applicable guideline for this offense, and a Criminal History Category I for an advisory guideline range of 6 to 12 months. *See* PSR ¶¶10-18, 21, 38. The PSR also includes the amount of restitution due to the victim in this case: $21,840.00.  Sentencing is currently scheduled for June  2, 2011.

Defendant Melindo has filed objections to the PSR.  Specifically, the defendant requests that the amount of restitution in this case be "reduced by $1,891.00," the amount seized and forfeited by USPIS. The request should be denied because, as explained in more detail below, restitution and forfeiture are separate penalties that serve different purposes.[1]

## DISCUSSION

It is well-established that "forfeiture is a penalty imposed on a criminal independent of any loss to the crime victim." *United States v. Foley*, 508 F.3d 627, 633 (11th Cir. 2007). *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-45 (11th Cir. 2009); *United States v. Browne*, 505 F.3d

---

[1]Following his guilty plea, Defendant Melindo filed a motion for the return of property, seeking the return of the monies seized by USPIS. *See* Clerk's Doc. No. 21. Said motion was denied by this Court. *See* Clerk's Doc. No. 24.

1229, 1281 (11th Cir. 2007). Forfeiture of illicit gains "impos[es] an economic penalty on a criminal defendant, thereby rendering his illegal behavior unprofitable." *See United States v. One 1977 Cadillac Coupe DeVille VIN: 6D47S7Q234771*, 644 F.2d 500, 502 (5th Cir. 1981) (quoting *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 686 (1974)). Restitution, on the other hand, focuses on the victim, *Hoffman-Vaile*, 568 F.3d at 1344, and is to be to be paid in the full amount of each victim's losses. *Browne*, 505 F.3d at 1281.

Because restitution and forfeiture serve different goals, *Hoffman-Vaile*, 568 F.3d at 1344, they "require distinct calculations and need not be calculated identically." *Foley*, 508 F.3d at 633. Moreover, given their separate and distinct functions in the sentencing scheme, a criminal defendant cannot offset the amount of restitution due to the victim(s) with any amounts forfeited from him. *See Hoffman-Vaile*, 568 F.3d at 1344 (denying defendant's request that her forfeiture amount be reduced because she had paid restitution to certain victims even if it "appear[ed] to be a 'double dip'"); *Browne*, 505 F.3d at 1281 (defendant not entitled to credit against forfeiture for amount paid to the victim as voluntary restitution); *United States v. Rosin*, No. 8:05-CR-143-T-24MAP, 2010 WL 454933, at *8 (M.D. Fla. Feb. 9, 2010) (slip op.) (finding defendant not entitled to offset with the forfeited proceeds the restitution owed, reasoning that requiring defendant to pay restitution in addition to forfeiting proceeds did not result in double recovery to the government). Accordingly, Defendant Melindo's request to offset the restitution amount with the $1,891.00 forfeited by USPIS should be denied.

3

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court overrule the defendant's objections to the Presentence Investigation Report and order full restitution in the amount of $21,840.00 without any offsets or credits for the money forfeited by the U.S. Postal Inspection Service. The United States further requests the Court impose a sentence of imprisonment within the advisory Guideline range as calculated in the Presentence Investigation Report.

Respectfully submitted,

WIFREDO A. FERRER
United States Attorney

Dated: May 25, 2011              /s/ Elisa Castrolugo
ELISA CASTROLUGO
Assistant United States Attorney
Court ID No. A5501554
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9033
Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded onto the Court's CM/ECF system this 25th day of May, 2011.

 /s/ Elisa Castrolugo
Assistant United States Attorney